FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 04, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN L. CHARLTON,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No. 2:17-CV-000159-RHW<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 13-14. Mr. Charlton brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied his application for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C §§ 401-434. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Mr. Charlton's Motion for Summary Judgment.

//

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1**

## I. Jurisdiction

Mr. Charlton filed for Disability Insurance Benefits on March 19, 2014. AR 137-38. His alleged onset date is August 5, 2013. AR 137-38. Mr. Charlton's application was initially denied on June 26, 2014, AR 92-94, and on reconsideration on September 16, 2014, AR 98-102.

A hearing with Administrative Law Judge ("ALJ") Marie Palachuk occurred on May 21, 2015. AR 37-70. On July 10, 2015, the ALJ issued a decision finding Mr. Charlton ineligible for disability benefits. AR 14-36. The Appeals Council denied Mr. Charlton's request for review on November 20, 2015, AR 1-4, making the ALJ's ruling the "final decision" of the Commissioner.

Mr. Charlton timely filed an action challenging the denial of benefits, on January 15, 2016. Case No. 2:16-CV-0013-RHW. On October 2, 2016, this Court remanded the case to the ALJ to consider the opinion of Dr. Michael D'Angelo, Psy.D., and the objective testimony related to Mr. Charlton's mental impairments, and then recalculate the residual functional capacity and Mr. Charlton's ability to perform past relevant work, as well as work available in the national economy. Case No. 2:16-CV-0013-RHW, ECF No. 17 at 15-16.

A second hearing was held with ALJ Palachuk on February 23, 2017. AR 639-61. On March 1, 2017 the ALJ issued a decision finding Mr. Charlton ineligible for disability benefits. AR 617-32. Because the Appeals Council did not

assume jurisdiction, the decision of the ALJ became final, see 20 C.F.R. § 404.984(d), and Mr. Charlton filed his current Complaint in District Court on May 10, 2017 (ECF No. 3), pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if the claimant's impairments are of such severity that the claimant is not only unable to do his previous work, but cannot, considering claimant's age, education, and work experience, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) & 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. 20 C.F.R. §§ 404.1520(a)(4) & 416.920(a)(4); *Lounsburry v. Barnhart,* 468 F.3d 1111, 1114 (9th Cir. 2006).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(b) & 416.920(b). Substantial gainful

activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §§ 404.1572 & 416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. §§ 404.1571 & 416.920(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a severe impairment, or combination of impairments, that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c) & 416.920(c). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluative steps are required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether any of the claimant's severe impairments "meets or equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526 & 416.920(d), 416.925, 416.926; 20 C.F.R. § 404 Subpt. P. App. 1 ("the Listings"). If the impairment meets or equals one of the listed impairments, the claimant is *per se* disabled and qualifies for benefits. *Id.* If the claimant is not *per se* disabled, the evaluation proceeds to the fourth step.

Step four examines whether the claimant's residual functional capacity enables the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(e)-(f) & 416.920(e)-(f). If the claimant can still perform past relevant work, the claimant is not entitled to disability benefits and the inquiry ends. *Id.*

Step five shifts the burden to the Commissioner to prove that the claimant is able to perform other work in the national economy, taking into account the claimant's age, education, and work experience. *See* 20 C.F.R. §§ 404.1512(f), 404.1520(g), 404.1560(c) & 416.912(f), 416.920(g), 416.960(c). To meet this burden, the Commissioner must establish that (1) the claimant is capable of performing other work; and (2) such work exists in "significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2); 416.960(c)(2); *Beltran v. Astrue*, 676 F.3d 1203, 1206 (9th Cir. 2012).

### III.  Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144, 1158-59 (9th Cir. 2012) (citing § 405(g)). Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v.*

*Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted). In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ. *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld"). Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and only briefly summarized here. Mr. Charlton was 29 years old at the alleged date of onset. AR 152, 630. He has at least a high school education and is able to communicate in English. AR 31, 630. Mr. Charlton has past relevant work experience as an auto/truck mechanic, material handler, welder, fast food cook, and ranch hand. AR 30, 630.

## V. The ALJ's Findings

The ALJ determined that Mr. Charlton was not under a disability within the meaning of the Act from the alleged onset date, August 5, 2013, through the date of the ALJ's decision. AR 632.

**At step one**, the ALJ found that Mr. Charlton had not engaged in substantial gainful activity since August 5, 2013 (citing 20 C.F.R. § 404.1571 et seq.). AR 619.

**At step two**, the ALJ found Mr. Charlton had the following severe impairments: disc protrusion and stenosis with subsequent laminectomy at L5-S1; chondromalacia of the patella; chronic pain syndrome; and mood disorder (citing 20 C.F.R. §§ 404.1520(c)). AR 619-20.

At **step three**, the ALJ found that Mr. Charlton did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1. AR 620-24.

At **step four**, the ALJ found Mr. Charlton had the residual functional capacity to perform sedentary work with these limitations: (1) he would require permission to alternate from sitting to standing approximately every 45 minutes; (2) he could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs; (3) he could never climb ladders, ropes, or scaffolds; (4) he should avoid all exposure to hazards; (5) he could understand, remember, and carry out simple, routine, and repetitive tasks, as well as complex and detailed tasks; (6) he could accept instructions from supervisors, interact with the public and co-workers, and perform work activities on a consistent basis without special or additional instructions; and (7) he could maintain regular attendance and complete a normal workday/workweek. AR 624-30.

The ALJ determined that Mr. Charlton is unable to perform any past relevant work. AR 630.

At **step five**, the ALJ found that, in light of his age, education, work experience, and residual functional capacity, in conjunction with the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the national economy that Mr. Charlton can perform. AR 631-32.

## VI. Issues for Review

Mr. Charlton argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, he argues the ALJ erred by: (1) improperly completing her analysis of Mr. Charlton's mental impairments at step three of the sequential evaluation process and (2) improperly assessing Mr. Charlton's credibility regarding his allegations about his limitations. ECF No. 13 at 1-2.

## VII. Discussion

**A. Because Mr. Charlton's pain disorder was not disabling, any error at step three was harmless.**

At step three of the sequential evaluation process, it is the claimant's burden to prove that his impairments meet or equal one of the impairments listed. *Oviatt v. Com'r of Soc. Sec. Admin.*, 303 F. App'x 519, 523 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir.2007); *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir.2005). To meet a listed impairment, a disability claimant must establish that her condition satisfies each element of the listed impairment in question. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990); *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir.1999).

Here, the record demonstrates that Mr. Charlton's pain disorder is not disabling, and any failure to carefully compare the pain disorder to Listing 12.07

would be at best harmless error. To equal a listed impairment, a claimant must establish symptoms, signs, and laboratory findings at least equal in severity and duration to each element of the most similar listed impairment. *Tackett*, 180 F.3d at 1099-1100 (quoting 20 C.F.R. 404.1526). While the ALJ did not specifically analyze the pain disorder under the listings, the ALJ determined that Mr. Charlton's pain disorder was not disabling based on the record. It is inconsistent to argue that a non-disabling impairment could ever meet the listings. Specifically, treating physician Dr. Richard Parry, M.D., stated that Mr. Charlton's pain would be managed with medication, but Mr. Charlton significantly and intentionally undertreated his pain. AR 629-30, 850-57. If an impairment can be controlled by treatment or medication, it cannot be considered disabling. *Brown v. Barnhart*, 390 F.3d 535, 540 (9th Cir. 2004). Because the condition is not disabling, any error at step three is harmless.

**B. The ALJ properly assessed Mr. Charlton's credibility.**

An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective symptoms is credible. *Tommasetti v. Astrue,* 533 F.3d 1035, 1039 (9th Cir. 2008). First, the claimant must produce objective medical evidence of an underlying impairment or impairments that could reasonably be expected to produce some degree of the symptoms alleged. *Id.* Second, if the claimant meets this threshold, and there is no affirmative evidence

suggesting malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear, and convincing reasons for doing so." *Id*.

In weighing a claimant's credibility, the ALJ may consider many factors, including, "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). When evidence reasonably supports either confirming or reversing the ALJ's decision, the Court may not substitute its judgment for that of the ALJ. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir.1999). Here, the ALJ found that the medically determinable impairments could reasonably be expected to produce the symptoms Mr. Charlton alleges; however, the ALJ determined that Mr. Charlton's statements regarding intensity, persistence, and limiting effects of the symptoms were not entirely credible. AR 624-27.

The record supports the finding that Mr. Charlton's impairments could be controlled by medications and therapy. AR 247, 531, 626. Mr. Charlton's conditions worsened when the stopped taking medication. AR 531. He also actively discontinued therapy services when he began to feel better after highly

stressful events. AR 562. A claimant's statements may be less credible when treatment is inconsistent with the level of complaints or a claimant is not following treatment prescribed without good reason. *Molina*, 674 F.3d at 1114. "Unexplained, or inadequately explained, failure to seek treatment . . . can cast doubt on the sincerity of [a] claimant's [] testimony." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Likewise, Mr. Charlton did not follow prescribed treatment with regard to his chronic pain. Dr. Parry opined that Mr. Charlton was significantly undertreating his pain. AR 629-30. Mr. Charlton also refused the epidural steroid injection recommended to him by Dr. Miguel Schmitz. M.D. AR 825, 984. Mr. Charlton asserted that this treatment didn't work previously, and even when he was explained that it was a different approach, he declined the procedure and the order was canceled. AR 984.

Imaging of his spine also do not support the level of pain that Mr. Charlton alleges. MRIs of his spine in 2015 and 2016 both indicated mostly normal results. AR 854. Inconsistency between a claimant's allegations and relevant medical evidence is a legally sufficient reason to reject a claimant's subjective testimony. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

In sum, the Court finds the ALJ provided multiple legally sufficient reasons that are supported by the record for discounting Mr. Charlton's subjective symptom testimony.

## VIII. Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and is free from legal error. Accordingly, **IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 14,** is **GRANTED.**

3. Judgment shall be entered in favor of Defendant and the file shall be **CLOSED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 4th day of April, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 13